```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
VICTOR TETTEH RUFUS DJANGMAH,                               :
                                                            :
                              Plaintiff,                    :
                                                            :        16-CV-6136 (VSB)
              - against -                                   :
                                                            :        **OPINION & ORDER**
                                                            :
MARIO MAGAFARA, CAREY, TAYLOR,                              :
M. KWAN, MARIO GARAFFA, KHAN,                               :
DELGADO,                                                    :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

Appearances:

Victor T.R. Djangmah
Jamaica, NY
*Pro se Plaintiff*

Lauren A. Lively
Talia Kraemer
U.S. Attorney's Office
Southern District of New York
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

       Pro se Plaintiff Victor Tetteh Rufus Djangmah brings this action alleging claims under

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for

injunctive, declaratory, and monetary relief against Defendants Mario Garaffa, John Carey,

Yvette Tay-Taylor, Mohammed Khan, and Joanna Delgado—all officials of the United States

Immigration and Customs Enforcement ("ICE").[1]  Before me is Defendants' motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).  Because the Complaint is not a short and plain statement of claims showing that Plaintiff is entitled to relief, it does not comply with Rule 8(a), fails to state a claim, and thus Defendants' motion to dismiss is GRANTED.

I. **Background**[2]

As a general matter, the allegations in Plaintiff's Complaint are convoluted, confusing, and largely incomprehensible.  Nevertheless, I attempt to glean from the Complaint the factual allegations that are somewhat discernible.

On or about December 28, 2008, Plaintiff was assaulted by eleven New York Police Department ("N.Y.P.D.") officers during a traffic stop in the Bronx.  (Compl. 3.)  Plaintiff was in possession of his alien registration card at the time of the assault.  (*Id.*)  The officers handed Plaintiff over to ICE officials, without providing him any medical attention, and conspired to improperly effect his deportation.  (*Id.*)  ICE officials transferred him within seventy-two hours to the Port Isabel Detention Center in Texas.  (*Id.*)  It appears that at some point thereafter, Plaintiff was convicted of a controlled substance offense or a related offense, leading to an order of removal entered against him under the immigration laws.  (*Id.* at 3–4.)

---

[1] Defendants state that after conducting a search, ICE has determined that the Defendants identified as Mario Magafara and Mario Garaffa in the Complaint are actually the same person, Mario Garaffa. (Doc. 28, at 1 n.2.) Similarly, the Defendants referred to as "Khan" and "Kwan" in the Complaint's caption refer to Mohammed Khan. (*Id.*)

[2] Unless otherwise indicated, the following factual summary is drawn from the allegations of the Affidavit of Information Felonies, High Crimes and Misdemeanors 18 United States Code 4 of Federal Rules and Criminal, Procedure Rule 3, Title 42 § 1983, 1985, & 1986 Demand for Resolution of Dispute in Commercial Law and Demand for Injunction to Release Property and Place on Do Not Detain List ("Complaint," (Doc. 1)), to the extent they are comprehensible, which I assume to be true for purposes of this motion.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

In addition, on or about June 28, 2016 at approximately 11:30 a.m., at the U.S. Citizenship and Immigration Services ("USCIS") building in New York City, Defendant Garaffa placed handcuffs on Plaintiff and slammed him against the wall with the assistance of three other agents, including Defendant Taylor. (*Id.* at 6, 8–9.) Apparently at some point, Defendants Garaffa and Taylor placed an ankle bracelet on Plaintiff. (*Id.* at 6.) Unnamed agents subsequently proceeded to falsify certain documents, deny Plaintiff a phone call to his brother, and conspire with agents at the Hudson Correctional Center to take his property. (*Id.* at 6–7.)

## II. Procedural History

Plaintiff commenced this action on July 28, 2016. (Doc. 1.) On September 28, 2016, while he was being held in immigration detention in the Bergen County Jail in Hackensack, New Jersey, Plaintiff filed a "motion for an emergency restraining order and release of property," in which he requested his immediate release from immigration detention. (Doc. 3.) I construed Plaintiff's motion as a supplement to his Complaint and directed the Clerk of Court to modify the caption of this action to name the additional defendants named in Plaintiff's motion. (Doc. 7.) I also ordered the transfer of Plaintiff's claims seeking release from immigration detention, in both his Complaint and his motion, to the United States District Court for the District of New Jersey.[3] (*Id.*) Finally, I construed Plaintiff's remaining claims against Defendants Carey, Taylor, Khan, Garaffa, and Delgado as asserted under *Bivens* and ordered service on those Defendants. (*Id.*)

On October 18, 2016, Plaintiff submitted a notice informing me that he was participating in a hunger strike in protest of the conditions of his confinement in the Bergen County Jail. (Doc. 8.) I entered an order informing Plaintiff that any motions concerning his confinement

---

[3] The case was transferred to Judge John Michael Vasquez of the District of New Jersey, who dismissed Plaintiff's habeas corpus petition as moot after Plaintiff was removed. *Djangmah v. Castillo*, 16-6966, Doc. 13 (Mar. 1, 2017 D.N.J.).

should be brought in the District of New Jersey, pursuant to my previous Order. (Doc. 9.) On November 2, 2016, Plaintiff submitted another letter notifying me that he was transferred to GEO LaSalle Detention Facility in Jena, Louisiana, where ICE intended to effectuate his removal, and requesting that I issue a stay of his removal. (Doc. 10.) I entered an order again informing Plaintiff that because his claims seeking release from immigration custody were transferred to the District of New Jersey, any claims related to his confinement should be brought there. (Doc. 11.) On January 18, 2017, I received a notice from Plaintiff's brother that Plaintiff had been deported in late November 2016 and informing me that he would receive any documents from the Court on the Plaintiff's behalf. (Doc. 21.) The next day, I received a "writ to move forward" from Plaintiff informing me of his deportation and his desire to move forward with the litigation. (Doc. 22.)

On April 3, 2017, Defendants moved to dismiss Plaintiff's Complaint. (Docs. 27–28.) On the same day, Plaintiff filed a "writ opposing Defendant's motion to second extension of time and move to strike for default and monetary judgment." (Doc. 30.) On April 4, 2017, I denied Plaintiff's motion opposing Defendants' extension request and Plaintiff's motion for default. (Doc. 31.) I further informed the parties that I would consider Plaintiff's April 3 letter in resolving Defendants' motion to dismiss, given his pro se status. (*Id.*) I also directed Plaintiff to submit an opposition to Defendants' motion to dismiss by May 30, 2017. (*Id.*) On May 22, 2017, I entered an order extending Plaintiff's deadline to file an opposition to June 22, 2017. (Doc. 33.) On July 5, 2017, I instructed Defendants to submit an update within a week with respect to whether they had received Plaintiff's opposition. (Doc. 35.) Defendants informed me that they had not received Plaintiff's opposition on July 12. (Doc. 36.) As such, I extended Plaintiff's deadline to file his opposition once more to July 27, 2017, and instructed the parties

4

that to the extent no opposition had been filed, the motion would be deemed fully briefed. (Doc. 37.) Plaintiff never filed his opposition. On October 20, 2017, I deemed the motion fully briefed. (Doc. 39.)

### III. Legal Standards

#### A. *Rule 8(a)*

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Rule 8 reflects the principle that a pleading should "give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). A court has the authority to strike portions of the complaint that are redundant or immaterial, or in certain circumstances where "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," a court may dismiss the complaint entirely. *Id.* "Failure to comply with Rule 8(a) may result in dismissal of a complaint, even if the pleader is proceeding pro se." *Praseuth v. Werbe*, No. 95-7449, 1995 WL 746946, at *1 (2d Cir. Dec. 15, 1995).

#### B. *Rule 12(b)(6)*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations:

5

the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Further, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, "the duty to liberally construe a plaintiff's

6

complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks omitted).

"When a motion to dismiss is unopposed, the failure to oppose itself does not justify dismissal." *Howard v. City of New York*, No. 11 Civ. 5899(CM)(KNF), 2012 WL 5816976, at *4 (S.D.N.Y. Nov. 14, 2012). Rather, "a court still assumes the truth of a pleading's factual allegations and tests only its legal sufficiency, which the court is capable of determining based on its own reading of the pleading and knowledge of the law." *Rios v. Schlein*, 16-cv-6448 (KMW), 2017 WL 3671194, at *2 (S.D.N.Y. Aug. 24, 2017) (internal quotation marks omitted).

## IV. Discussion

Defendants contend that Plaintiff's Complaint should be dismissed pursuant to Rule 8(a) because it is so confusing, ambiguous, and incomprehensible that it does not place Defendants on fair notice of Plaintiff's claims. I agree.

Plaintiff's Complaint is comprised of approximately ten single-spaced pages listing random facts and information that are difficult to understand and tie together in any coherent way. The Complaint asserts claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, (Compl. 2), which I construed as *Bivens* claims because the Complaint names federal officials as defendants, (*see* Doc. 7). It appears that the crux of Plaintiff's claims involves an alleged assault by N.Y.P.D. officers—none of whom are named in this action—in December 2008, after which Plaintiff was taken into the custody of ICE and transferred to an immigration detention facility.[4] (Compl. 2–3.) Plaintiff refers to a removal order that was filed at some point thereafter, possibly

---

[4] To the extent Plaintiff's claims arise from conduct occurring in 2008, they are likely time-barred. *See Tapia-Ortiz v. Doe*, 171 F.3d 150, 151 (2d Cir. 1999) ("The statute of limitations for *Bivens* actions arising in New York is three years.").

7

in connection with a conviction involving controlled substances.[5] (*Id.* at 3–4.) Plaintiff also describes an incident in 2016 where Defendants Garaffa and Taylor played some role in placing handcuffs and an ankle bracelet on him and slamming him into a wall. (*Id.* at 6, 8–9.) Apart from these specific allegations, Plaintiff makes a wide variety of vague and confusing allegations regarding bankruptcy, slavery, treason, and fraudulent documents. (*See generally id.*)

I find that the Complaint does not give fair notice to Defendants so as to permit them to adequately defend this action. It is entirely unclear what conduct by which Defendant Plaintiff seeks to challenge. There is no apparent sequence of events outlined in the Complaint; instead, Plaintiff lists a multitude of apparent wrongs—including, but not limited to, kidnapping, unlawful imprisonment, slavery, treason, fraud, extortion, robbery, falsifying documents, conspiracy, racketeering, obstruction of justice, official misconduct, duress, aggravated assault, tampering with records, concealment, breach of contract, violation of due process, misprision of felony, accessory after the fact, perjury, and violations of numerous constitutional rights—making it effectively impossible to discern the relevant allegations and to which of the Defendants they might apply. (*Id.*)

Despite multiple extensions of the deadline, Plaintiff failed to file an opposition brief that might have clarified the allegations in his Complaint. Under these circumstances, dismissal for failure to comply with Rule 8(a) is appropriate. *See Blakely v. Wells*, 209 F. App'x 18, 20 (2d Cir. 2006) (summary order) (dismissing complaint where "much of the complaint was incoherent and did not provide Defendants with fair notice of the claims asserted against them"); *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (summary order)

---

[5] To the extent Plaintiff seeks to challenge any component of his removal proceedings, it is unlikely that I would have jurisdiction over such challenge. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 492 (1999).

(dismissing complaint where plaintiff "asserted violations of several federal statutes and eleven constitutional amendments, without explaining what conduct constituted the violations, which defendants violated which statutes or amendments, or how the alleged violations harmed him"); *Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 596 (S.D.N.Y. 2013) (dismissing complaint where it was "disjointed and unorganized" and containing substantial information that was "irrelevant . . . repetitive, and/or contradictory").

However, in part due to the incomprehensibility of Plaintiff's Complaint, I do not find that there is a basis to deny Plaintiff leave to amend his Complaint to remedy the defects described above. Therefore, the Complaint is dismissed with leave to amend.

**V.     Conclusion**

For the foregoing reasons, Defendants' motion to dismiss, (Doc. 27), is GRANTED. Plaintiff's Complaint is dismissed with leave to amend within forty-five (45) days of the entry of this Opinion & Order.

SO ORDERED.

Dated: August 26, 2018
New York, New York

*[signature]*
Vernon S. Broderick
United States District Judge